IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Outen, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>Harris County Detention Center, Houston, Texas; Unknown Doctor at Harris County Detention Center; Pre-Trial Detention Center, Atlanta, Georgia; Unknown Doctor at Pre-Trial Detention Center, Atlanta; Grady Memorial Hospital, Atlanta, Georgia; Unknown Doctor at Grady Memorial Hospital, Atlanta; Rice Street Detention Center, Atlanta, Georgia; Unknown Doctor at Rice Street Detention Center, Atlanta; DeKalb County Detention Center, Atlanta, Georgia; Unknown Doctor at DeKalb County Detention Center, Atlanta; Dr. Berg, Richland County Detention Center; Dr. Higgins, Alvin S. Glenn Detention Center,<br><br>    Defendants.<br>_____ | C/A No. 0:11-2547-RMG-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Alfred Outen, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Alvin S. Glenn Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names several detention centers and physicians at the detention centers as defendants.[1] Most of the defendants named in the Complaint are not located in South Carolina. Having reviewed the Complaint in accordance with applicable law, the court

---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."

concludes that the Complaint should be dismissed for failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff files a four-page handwritten Complaint against several detention centers, as well as physicians at the detention centers, in Texas, Georgia, and South Carolina. He also sues a hospital and physician in Georgia. The "parties" section of the Complaint indicates that Plaintiff was transferred to several different places of incarceration, as well as taken to a hospital for psychiatric care, and at each place he was prescribed medication for psychological disorders. (ECF No. 1 at 1-3.) The Complaint states that "[t]he Plaintiff is being treated for a illness that the Plaintiff never had. The Plaintiff has never been diagnosed at all." (Id. at 3.) The Complaint further states that "[t]he actions of the defendant in failing to intervene to prevent the missuse of treatment w[]ere done in malpractice, deliberate indifference, which constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution." (Id.) Plaintiff seeks a declaratory judgment and monetary damages.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319,

324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Complaint names several detention centers as defendants. Plaintiff is currently detained in the Richland County Detention Center, also known as the Alvin S. Glenn Detention Center. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." A detention center is a facility or a group of buildings. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, a detention center is not a "person" subject to suit under 42 U.S.C. § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Inasmuch as the Complaint could be construed as suing the Richland County Detention Center, also known as the Alvin S. Glenn Detention Center, the Complaint cannot state a § 1983 claim.

Even if the Complaint names "persons acting under color of state law" who are subject to liability under § 1983, Plaintiff's Eighth Amendment claim of deliberate

indifference fails.³ With respect to a prisoner's medical care, a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness," and so "mere negligence or malpractice does not violate the eighth amendment." Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990) (citations omitted). Plaintiff alleges he received medication as unnecessary medical treatment because he was never diagnosed with the mental illness that the medication was meant to treat. Plaintiff claims "emotional, mental, and physological injuries as a result of" the defendants' "abuse of his treatment." (ECF No. 1 at 4.) The Complaint's factual allegations of incorrect medical treatment do not support a claim for violation of a right secured by the Constitution or laws of the United States based on deliberate indifference concerning Plaintiff's medical care.

Inasmuch as the alleged incorrect medical treatment is a claim for negligence or medical malpractice, such claims are not actionable under 42 U.S.C. § 1983. The law is well settled that negligence is not actionable under 42 U.S.C. § 1983. See Daniels v.

---

³ Conditions of confinement of convicted prisoners are evaluated under the Eighth Amendment's proscription against cruel and unusual punishment, while conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). "[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir.1992)). Regardless of whether Plaintiff's claims are analyzed under the Fourteenth or Eighth Amendment, the same standards generally apply.



Williams, 474 U.S. 327, 328-336 & n.3 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986) ("[W]here a government official is merely negligent" it "simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent."). Similarly, medical malpractice is a state law tort claim that is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). Thus, Plaintiff's allegations regarding the defendants' incorrect medical treatment fail to state a cognizable claim under § 1983. The Complaint should be dismissed for failure to state a claim under § 1983 upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint also alleges "supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §§ 1367."[4] (ECF No. 1 at 4.) Supplemental jurisdiction allows federal courts to decide state law claims along with federal law claims when "they form part of the same case or controversy." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 387 (1998) quoting 28 U.S.C. § 1367(a). Federal courts are permitted to decline supplemental jurisdiction, however, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff's claims under § 1983 should be dismissed for failure to state a claim, so this court should decline supplemental jurisdiction to consider Plaintiff's state law tort claims.

---

[4] The Complaint does not allege, and cannot be liberally construed to establish, diversity jurisdiction to consider state law claims under 28 U.S.C. § 1332.



**RECOMMENDATION**

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without service of process.

                                                                                            _____
                                                                                            Paige J. Gossett
                                                                                            UNITED STATES MAGISTRATE JUDGE

November 28, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).