IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Outen, Jr., ) | |
| ) | |
| Plaintiff, ) | Case No. 0:11-cv-2547-RMG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Harris County Detention Center, Houston, ) | |
| Texas; Unknown Doctor at Harris County ) | |
| Detention Center; Pre-Trial Detention Center, ) | |
| Atlanta, Georgia; Unknown Doctor at ) | |
| Pre-Trial Detention Center, Atlanta; ) | |
| Grady Memorial Hospital, Atlanta, Georgia; ) | |
| Unknown Doctor at Grady Memorial ) | |
| Hospital, Atlanta; Rice Street Detention ) | |
| Center, Atlanta, Georgia; Unknown Doctor ) | |
| at Rice Street Detention Center, Atlanta; ) | |
| DeKalb County Detention Center, Atlanta, ) | |
| Georgia; Unknown Doctor at DeKalb County ) | |
| Detention Center, Atlanta; Dr. Berg, Richland ) | |
| County Detention Center; Dr. Higgins, ) | |
| Alvin S. Glenn Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this *pro se* action, Plaintiff contends that his civil rights were violated and that he is entitled to relief pursuant to 42 U.S.C § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), DSC, the case was automatically referred to the United States Magistrate Judge for pretrial proceedings and a Report and Recommendation. On November 28, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted. (Dkt. No. 10). On December 8, 2011, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 14). As explained

herein, this Court adopts the Magistrate's Report and Recommendation and dismisses Plaintiff's Complaint.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court, having reviewed Plaintiff's Complaint, the Report and Recommendation, Plaintiff's objections to the Report and Recommendation, and the applicable legal standards, hereby adopts the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) as the order of the Court. Plaintiff's Complaint states that he is seeking relief pursuant to 42 U.S.C. § 1983 based on "Deliberate Indifference, Gross Negligence, and Malpractice." (Dkt. No. 1 at 1). With respect to a prisoner's medical care, a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness," and so "mere negligence or malpractice does not violate the eighth amendment." *Miltier v. Beorn*, 896

F.2d 848, 851-52 (4th Cir. 1990) (citations omitted). However, the only facts alleged by Plaintiff in the "Facts about the case" section of his Complaint are the following two sentences: "The Plaintiff is being treated for a illness that the Plaintiff never had. The Plaintiff has never been diagnosed at all." (Dkt. No. 1 at 3). Even accepting these facts as true, Plaintiff has not alleged a serious medical need or deliberate indifference on the part of any defendant. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted.[1]

Therefore, the Court adopts the Magistrate's Report and Recommendation in its entirety as the Order of this Court, and **DISMISSES** Plaintiff's Complaint.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

December 16, 2011
Charleston, South Carolina

---

[1] To the extent Plaintiff alleges a state law claim, the Court declines to exercise supplemental jurisdiction over such claim pursuant to 28 U.S.C. § 1367(c)(3).